```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```
_____

| | |
|---|---|
| **ELIJAH STRONG,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  No. 18-2392-JPM-tmp |
| | ) |
| **UNITED STATES DEPARTMENT OF** | ) |
| **AGRICULTURE, et al.,** | ) |
| | ) |
|     Defendants. | ) |

_____

                    **REPORT AND RECOMMENDATION**
_____

On June 8, 2018, *pro se* plaintiff Elijah Strong filed an action for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, against defendants the United States Department of Agriculture ("USDA") and its Secretary, Sonny Perdue. (ECF No. 1.) Strong also filed a motion to proceed *in forma pauperis*, which the court granted on June 12, 2018. (ECF Nos. 2 & 6.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the reasons stated below, the undersigned recommends that this case be transferred to the United States District Court for the Southern District of

Mississippi, where venue is proper. See 28 U.S.C. § 1406(a).

Strong alleges that his employment with the USDA was terminated in violation of Title VII. (ECF No. 1 at 3.) Strong lists the address for the USDA as its headquarters in Washington, D.C., and states that he was employed in the Forest, Mississippi branch office. (Id. at 2.) Strong included a decision on request for reconsideration from the United States Equal Employment Opportunity Commissioner ("EEOC"). (ECF No. 1-1.) That decision states that the events giving rise to the claim occurred in Forest, Mississippi. (Id. at 1.) Strong also appended documents describing in more detail the basis of his claim. (ECF No. 1-2 & 1-3.) After reviewing these documents, it appears that all of the events surrounding Strong's claim occurred in Mississippi.

> Actions under Title VII may be brought in:
>
> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). The court's review of Strong's filings reveals that the Title VII claim should not proceed in

- 2 -

this district.  Strong does not allege that the unlawful employment practices were committed in Tennessee; he does not allege that the employment records relevant to such practice are maintained or administered in the Western District of Tennessee; he does not allege that he would have worked in the Western District of Tennessee but for the allegedly unlawful discrimination; and he does not allege that the USDA's principal office is located in the Western District of Tennessee.  As far as the court can tell, the complaint lists events that occurred exclusively in Mississippi.  Likewise, the only connection to the Western District of Tennessee is that Strong appears to currently reside in Tennessee.  (ECF No. 1 at 2.)  But that has no bearing on whether venue for this Title VII action is proper in this District.  <u>See</u> 42 U.S.C. § 2000e-5(f)(3).  The court is unaware of any other connection to this district, such that venue would be proper here.  Thus, Strong's Title VII claim should not proceed in this district for lack of venue.

It appears that venue would be proper in the United States District Court for the Southern District of Mississippi.  "[T]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28

U.S.C. § 1406(a); see also Martin v. Stokes, 623 F.2d 469, 474 (6th Cir. 1980). The undersigned therefore recommends that, in the interest of justice, the Clerk be ordered to transfer this case to the United States District Court for the Southern District of Mississippi[1] pursuant to 28 U.S.C. § 1406(a), and that this case be closed without entry of judgment.[2]  In so recommending, the undersigned does not consider the screening factors in 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 12, 2018
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

[1] See http://www.mssd.uscourts.gov/.

[2] A federal district court may transfer a case from an improper forum to a proper forum regardless of whether the district court could exercise personal jurisdiction over the defendants. Taylor v. Love, 415 F.2d 1118, 1119-20 (6th Cir. 1969) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465 (1962)).