# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ELIJAH STRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:18-cv-2392-JPM-tmp |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE, et al., ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND
## ORDERING THE CLERK TO TRANSFER THIS CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

Before the Court is the Report and Recommendation entered by the Magistrate Judge on June 12, 2018. (ECF No. 7.) The Magistrate Judge recommends that this Title VII action be transferred to the Southern District of Mississippi as a proper venue. (ECF No. 7 at 43.)[1] Plaintiff Elijah Strong objects that he has satisfied the requirements for federal diversity jurisdiction. For the reasons set forth below, the Court ADOPTS the Report and Recommendation of the Magistrate Judge. The Clerk shall transfer this case to the United States District Court for the Southern District of Mississippi.

I.   **Background**

Strong filed his complaint on June 8, 2018. (ECF No. 1.) He claims that he was terminated by his employer, the United States Department of Agriculture ("USDA") in

---

[1] All citations to page numbers in docket entries are to the CM/ECF PageID number.

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq. (Id. at 1.) Strong alleges that he worked at a USDA facility in Forest, Scott County, Mississippi before he was terminated, and he now resides in Shelby County, Tennessee. (Id. at 2.)

The Magistrate Judge noted that Title VII restricts plaintiffs to certain specific venues, specifically where the alleged unlawful termination occurred, where the employment records are kept, where the plaintiff would have worked had the alleged termination not occurred, or where the defendant keeps its central office. (ECF No. 7 at 42.) See 42 U.S.C. § 2000e-5(f)(3). The Magistrate Judge found that Strong alleged he was terminated in Mississippi. (ECF No. 7 at 43.) The Magistrate Judge also found that Strong did not allege that the USDA keeps its records in this judicial district, or that Strong would have worked in this district had he not been terminated, or that the USDA keeps its main office in this district. (Id.) The Magistrate Judge concluded that the Southern District of Mississippi would be a proper venue for this Title VII action because the alleged unlawful termination occurred there. (Id.)

Strong filed a timely objection. (ECF No. 8.) Strong argues that he has satisfied the requirements for federal diversity jurisdiction as set out by 28 U.S.C. §1332 (a). (Id. at 45.) He asks that the Court continue to preside over his case. (Id.)

## II.     Legal Standard

### a. Jurisdiction and Venue

The Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and where the suit is between "citizens of different states." 28 U.S.C. § 1332(a). Jurisdiction determines where a case can be heard, but venue "concerns the appropriate district court in which an action may be filed." 17 Moore's Federal

2

Practice - Civil § 110.01 (2018). In other words, even if a court has the jurisdiction to hear a case, Congress may decide that such a case should only be filed in another court.

When it passed the Civil Rights Act of 1963, Congress limited where Title VII claims may be filed to certain judicial districts, specifically:

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

### b. Review of a Magistrate Judge's Report and Recommendation

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is

not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.").

**III.     Analysis**

Strong objects that the Court has jurisdiction to hear his case. (ECF No. 8 at 45.) Strong is correct, but his objection does not recognize the distinction between jurisdiction and venue. Jurisdiction is a constitutional requirement for a plaintiff to bring a suit in any federal court at all. Once jurisdiction is satisfied, venue governs <u>which</u> federal court should administer a proceeding. "Venue statutes generally are concerned with convenience. They seek to channel lawsuits to an appropriately convenient court, given the matters raised and the parties involved in an action." 17 Moore's Federal Practice - Civil § 110.01 (2018). Strong's objection does not address findings on the question of venue, so the Magistrate Judge's Report and Recommendation is reviewed for clear error.

The Court finds that the Magistrate Judge properly identified and applied the requirements of Title VII. (<u>See</u> ECF No. 7 at 42-43.) As noted above, Congress has limited the venues for Title VII lawsuits to where the alleged unlawful termination occurred, where the employment records are kept, where the plaintiff would have worked had the alleged termination not occurred, or where the defendant keeps its central office. 42 U.S.C. § 2000e-5(f)(3). The unlawful termination is alleged to have occurred in Mississippi, the relevant employment records appear to be in Mississippi or in Washington, D.C., Strong does not allege he would be working in this District had he not been terminated, and the USDA is headquartered in Washington, D.C. (<u>See</u> ECF No. 7 at 43.) Under Title VII, this judicial district is not the proper venue for Strong's lawsuit.

The Magistrate Judge recommends that this case be transferred to the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1406(a), which provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In consideration of Strong's pro-se status, the Court finds that a transfer to the Southern District of Mississippi, rather than a dismissal, would be in the interest of justice.

IV. **Conclusion**

For the reasons set forth above, the Court ADOPTS the Report and Recommendation of the Magistrate Judge. Although the Court has original jurisdiction, the Court finds that this district is not the proper venue for Strong's Title VII claims. The Court hereby ORDERS the clerk to transfer this case to the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1406(a). This case is to be administratively closed without an entry of judgment.

**IT IS SO ORDERED**, this 17th day of October, 2018.

    /s/ Jon McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE